UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                Case No.: 8:19-cr-610-VMC-AAS

ANGELO SALVAREZZA

_____/

## ORDER

This matter comes before the Court pursuant to Defendant Angelo Salvarezza's "Emergency Motion for Reduction in Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(a)(i)," filed on November 12, 2025. (Doc. # 38). That same day, the Court directed the Government to respond to Mr. Salvarezza's Motion. (Doc. # 39). On November 26, 2025, the Government filed its response in opposition. (Doc. # 41).

For the reasons set for below, the Motion is denied.

## Discussion

On December 27, 2019, Mr. Salvarezza was charged with Possession with Intent to Distribute Fifty Grams or More of Methamphetamine and Possession of a Firearm in the Furtherance of a Drug Trafficking Crime. (Doc. # 1). He pled guilty on February 12, 2020. (Doc. # 13). On June 12, 2020, the Court sentenced him to 144 months' imprisonment followed

1

by five years' supervised release. (Doc. # 34). To date, he has served approximately 65 months and is projected for release on October 11, 2030. (Doc. # 38-1 at 20).

In his Motion, Mr. Salvarezza requests the Court to reduce his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. # 38 at 1, 7). Under that statute, a court is permitted to reduce a term of imprisonment if the court determines that (1) extraordinary and compelling reasons warrant such a reduction, (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, and (3) the § 3553(a) sentencing factors weigh in favor of a reduction. United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021).

Mr. Salvarezza offers several arguments supporting his Motion. The Court addresses each in turn.

**1. Exhaustion of Administrative Remedies**

Mr. Salvarezza first contends that he has fully exhausted all administrative remedies to bring a motion for sentence reduction, as required by § 3582(c)(1)(A). (Doc. # 38 at 2). To obtain relief under § 3582, a defendant must first "fully exhaust all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt

of such a request by the warden of the defendant's facility,
whichever is earlier." See United States v. Harris, 989 F.3d
908, 909–10 (11th Cir. 2021) (quoting 18 U.S.C. §
3582(c)(1)(A)(i)).

The Bureau of Prisons has an administrative remedy
program codified in 28 C.F.R. § 542. Under those regulations,
"[a] prisoner must submit a § 3582(c)(1)(A) request to the
warden of his facility, and, if the warden denies the request,
the prisoner may administratively appeal to the BOP Regional
Director and then the BOP General Counsel." United States v.
Karron L. Shuman, No. 25-10069, 2025 WL 2794518 (11th Cir.
Oct. 1, 2025) (unpublished) (citing 28 C.F.R. §§ 542.15).

On October 15, 2025, Mr. Salvarezza submitted a "Request
to Staff" application to the Warden of Coleman Medium Federal
Correctional Institute, requesting a reduction in sentence
pursuant to extraordinary or compelling reasons based on his
family circumstances. (Doc # 38-1 at 1-2). On October 24,
2025, the Warden denied this request and notified Mr.
Salvarezza that he may "appeal this decision via the
administrative remedy process by submitting your concerns on
the appropriate form (BP-9) within 20 days of the receipt of
this response." (Id. at 3). On October 31, 2025, Mr.
Salvarezza submitted a written request for an administrative

remedy, using the proper form and procedure under 28 C.F.R. § 542. (Doc. # 41-1 at 2). The Warden denied the request on November 12, 2025, and advised Mr. Salvarezza of the procedure to appeal to the Regional Director. (Id. at 1.). However, based on the representations of the Government in its response, the Bureau of Prisons has no record of Mr. Salvarezza submitting an appeal to the Regional Director as of November 26, 2025. (Doc. # 41 at 6). Further, Mr. Salvarezza has not stated that he submitted such an appeal, nor has he provided any update to the Court indicating that such an appeal has since been submitted.

Accordingly, because Mr. Salvarezza has not submitted an appeal of the Warden's denial to the Regional Director, he has not fully exhausted his administrative remedies as required by § 3582(c)(1)(A). Thus, his Motion is due to be denied on this basis.

**2. Extraordinary and Compelling Circumstances**

As provided under 18 U.S.C. § 3582(c)(1)(A), a court is permitted to reduce a term of imprisonment if the court determines that (1) extraordinary and compelling reasons warrant such a reduction, (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, and (3) the § 3553(a) sentencing factors weigh in

4

favor of a reduction. All three of these requirements must be shown in order to obtain relief under § 3582(c)(1)(A).

As to the first and second requirements of § 3582(c)(1)(A), Mr. Salvarezza argues that his family circumstances and rehabilitation constitute extraordinary and compelling reasons under the policy statements of the United States Sentencing Guidelines. (Doc. # 38 at 2-6).

### a. Family Circumstances

Mr. Salvarezza asserts that his elderly grandmother, Malfada Rapone, and aunt, Donna M. Rapone, suffer from serious medical conditions and "have no one to provide care for the both of them." (Id. at 2-3).

U.S.S.G. § 1B1.13(b) permits a sentence reduction based on family circumstances when:

> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, **when the defendant would be the only available caregiver** for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. §1B1.13(b)(3) (emphasis added).

The exhibits attached to Mr. Salvarezza's Motion contradict his statements. His aunt, Donna Rapone, states she is the caretaker for Mr. Salvarezza's grandmother. (Doc. # 38-1 at 14). Further, Mr. Salvarezza has not presented evidence that his aunt, Ms. Rapone, needs a full-time caregiver. In Ms. Rapone's letter she describes her own medical ailments but merely requests Mr. Salvarezza's early release because "he would be a big help to both of us." (Id.). Ms. Rapone does not request her own full-time caregiver, nor has Mr. Salvarezza presented sufficient evidence demonstrating her need for one.

Because the Motion does not establish that Mr. Salvarezza would be the only available caregiver for either his grandmother or his aunt, the Motion does not satisfy the standard for "extraordinary and compelling circumstances" outlined in U.S.S.G. §1B1.13(b)(3).

**b. Rehabilitation**

Mr. Salvarezza also cites his rehabilitation efforts, including completion of his GED, participation in classes, volunteer work, and a clean disciplinary record aside from one non-violent infraction. (Doc. # 38 at 6).

6

U.S.S.G. § 1B1.13(d) states:

Pursuant to 28 U.S.C. 994(t), rehabilitation of the
defendant is not, by itself, an extraordinary and
compelling reason for purposes of this policy
statement. However, rehabilitation of the defendant
while serving the sentence may be considered in
combination with other circumstances in determining
whether and to what extent a reduction in the
defendant's term of imprisonment is warranted.

Thus, rehabilitation alone is not an extraordinary or
compelling reason for sentence reduction. While it may be
considered in combination with other circumstances in
determining whether reduction is warranted, the Court has
concluded that Mr. Salvarezza's family circumstances are not
extraordinary or compelling under U.S.S.G. §1B1.13(b)(3). The
Court further concludes that the combination of Mr.
Salvarezza's family circumstances and his rehabilitation do
not constitute extraordinary or compelling reasons for
sentence reduction under U.S.S.G. § 1B1.13(d).

### 3. The § 3553(a) factors

Finally, the Court concludes that the 18 U.S.C. § 3553(a)
factors weigh against Mr. Salvarezza's release. Mr.
Salvarezza pled guilty to serious drug and firearm offenses
and has served less than half of his 144-month sentence. His
guideline range was 135 to 168 months. (Doc. # 17 at 16.)
Reducing his sentence to time served of only 65 months would

be significantly below the guideline range, and would not
reflect the seriousness of the offense, promote respect for
the law, or afford adequate deterrence.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Angelo Salvarezza's "Emergency Motion for Reduction in
Term of Imprisonment Pursuant to 18 U.S.C. §
3582(c)(1)(a)(i)" (Doc. # 38) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this
5th day of December, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE